IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:04CV00518 |
| | ) | |
| | ) | |
| NATIONAL BANK OF COMMERCE, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION

BEATY, District Judge.

I. INTRODUCTION

Plaintiff, the United States of America ("United States" or "Plaintiff"), filed this action against National Bank of Commerce ("NBC" or "Defendant"), a Tennessee corporation, alleging failure to honor a tax levy. Defendant filed a Motion [Document #4] asking the Court to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(3), or in the alternative, to transfer the Complaint to the Western District of Tennessee, pursuant to 28 U.S.C. § 1404. The Court finds that for the convenience of the parties and the witnesses, this lawsuit will be transferred to the Western District of Tennessee, for the reasons that follow.

II. FACTUAL BACKGROUND

This case arises out of the failure to honor a tax levy sent to NBC by the Internal Revenue Service ("IRS"). Specialty Foods, LLC, ("Specialty Foods") owed $243,382.68 in unpaid federal taxes. Specialty Foods, and the manager of Specialty Foods, Paul T. Capps ("Capps") are both located in Memphis, Tennessee. On or about October 29, 2003, the IRS mailed a notice of levy to

NBC regarding the money owed by Specialty Foods. The IRS mailed this notice of levy from Drummonds, Tennessee, to NBC's tax levy department in Durham, North Carolina. On November 7, 2003, the IRS sent a second notice of the levy, via facsimile, to NBC. On November 8, 2003, Capps withdrew more than $200,000 from the Specialty Foods bank account, leaving just over $500 in the account. Capps withdrew this money from a bank located in Memphis, Tennessee. Subsequently, NBC transferred the remaining money in the account to the IRS.

III.    MOTION TO DISMISS OR TO TRANSFER

As stated previously, Defendant has moved that this Court dismiss the Complaint based upon improper venue, or to transfer venue of this matter pursuant to 28 U.S.C. § 1404(a). Plaintiff argues that this Court is the proper venue under 28 U.S.C. §§ 1391 and 1396 because NBC's parent corporation, National Commerce Financial Corporation, has its operations headquarters in Durham, North Carolina. Plaintiff further argues that this suit primarily involves the failure by NBC to honor a levy that was served on NBC in its North Carolina office. Therefore, Plaintiff argues, the primary events giving rise to the Complaint occurred in North Carolina, and not in Tennessee.

Under 28 U.S.C. § 1391, venue is proper in a judicial district where Defendant resides or where a substantial part of the events giving rise to the claim occurred. The Court finds that Defendant does not reside in North Carolina, in that NBC's principal place of business is in Memphis, Tennessee. Furthermore, while NBC's parent corporation has an operations center in North Carolina, that parent corporation is not a party to this lawsuit. However, the Court notes that a substantial part of the events giving rise to the claim occurred in Durham, North Carolina, in that that is the location that received the levy. As such, the Court finds that venue would be proper in the Middle District of North Carolina, and Defendant's Motion to Dismiss based upon improper

2

venue is denied.

However, Defendant has also asked this Court, in the alternative, to transfer the Complaint based upon 28 U.S.C. § 1404(a). Defendant asserts that it would be more convenient for NBC to have this case proceed in the Western District of Tennessee, and that Plaintiff would not be inconvenienced by this transfer. NBC argues that many of the facts giving rise to the Complaint occurred in Memphis, Tennessee, and that in the interest of justice, moving the case to Tennessee would allow NBC to assert a claim against Capps and Specialty Foods for any tax liability that NBC is found to owe to Plaintiff. As both Capps and Specialty Foods are residents of Tennessee, NBC argues, the Western District of Tennessee is certain to have personal jurisdiction over them, whereas this Court may not have such jurisdiction. Plaintiff, in its Response [Document #5] opposing this Motion to Transfer, fails to address Defendant's arguments under 28 U.S.C. § 1404.

Section 1404(a) provides that: "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." See Brown v. Flowers, 297 F. Supp. 2d 846, 850 (M.D.N.C. 2003); Datasouth Computer Corp. v. Three Dimensional Technologies, Inc., 719 F. Supp. 446, *450 (W.D.N.C. 1989). The Court finds that it would be in the interest of justice to allow Defendant to assert its claims against Capps and Specialty Foods. See Biggers v. Borden, Inc., 475 F. Supp. 333, 337 (E.D. Pa. 1979)("Ability to implead a third party defendant in the proposed transferee forum is an important consideration favoring transfer of an action.") Additionally, because many of the witnesses involved in these transactions are located in Tennessee, the Court further finds that a transfer of venue to the Western District of Tennessee is appropriate.

3

IV.   CONCLUSION

Based upon the facts before the Court, the Court concludes that Defendant's Motion to Dismiss on the basis stated therein is DENIED. However, for the reasons stated herein, Defendant's Alternative Motion for a Transfer of Venue is hereby GRANTED [Document #4]. An Order consistent with this Memorandum Opinion shall be filed contemporaneously herewith.

This, the 4 day of May, 2005.

                                                                         _____
                                                                            United States District Judge